1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

12
13
14
15
16
17
18

| | | |
|---|---|---|
| RENEE MIERLOT, *et al.*, | ) | Case No. 14cv1452 AJB (WVG) |
| Plaintiffs, | ) | ORDER DENYING MOTION TO |
| v. | ) | DISMISS |
| TRI-CITY HEALTHCARE | ) | [Doc. No. 3] |
| DISTRICT, *et al.*, | ) | |
| Defendants. | ) | |
| | ) | |

19
20
21
22
23
24

This matter comes before the Court on Defendant Tri-City Healthcare District's ("Tri-City") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. In accordance with Civil Local Rule 7.1.d.1, the Court finds the motion suitable for determination on the papers and without oral argument. Accordingly, the hearing currently set for September 4, 2014 is hereby vacated. For the reasons set forth below, the motion to dismiss is DENIED.

25
26
27
28

14cv1452

## I.    BACKGROUND

Plaintiffs are Renee Meirlot, her boyfriend Michael Clancy, and his mother Norma Clancy.[1]  Pursuant to the Public Health Service Act ("PHS Act"), Ti-City, as a federally supported health care facility in California, is deemed to be an employee of the United States Public Health Service ("the PHS"), a Government agency, effective June 23, 1996, for purposes of tort actions seeking damages for personal injury resulting from the performance of medical-related functions. 42 U.S.C. § 233(a), (g)-(h).

On February 8, 2012, Plaintiff Renee Mierlot was admitted to Tri-City for the purpose of delivering her demised fetus.  (Doc. No. 1 at 3.)  Plaintiffs gave specific instruction to hospital staff that they did not want to see the fetus after delivery and that the fetus needed to be preserved for genetic testing. (*Id.* at 4.)  Plaintiffs allege that after Ms. Mierlot was admitted, Plaintiffs were "abandoned by the defendants . . . and [she] spontaneously went into labor and shortly thereafter gave birth to the demised fetus with the assistance of Plaintiffs Norma and Michael Clancy who had to manually maneuver the demised fetus in order to facilitate its birth." (*Id.*)  Plaintiffs shouted for assistance, however no one responded. (*Id.*)  Plaintiffs further allege the "demised fetus remained attached to Plaintiff Renee Mierlot's umbilical cord and laid lifeless" against her body for an extended period of time before any healthcare professional arrived. (*Id.*)  Plaintiffs allege Defendants, hospital personnel, negligently failed to exercise the proper degree of knowledge and skill in examining, diagnosing, treating and caring for Plaintiff Mierlot. (*Id.* at 4.)  Plaintiffs further allege that due to the defendants' negligence, Plaintiffs Michael and Norma Clancy witnessed these events and had to assist in the birth of the demised fetus without any healthcare personnel in the room. (*Id.* at 5.)  As a result, they suffered great mental distress. (*Id.*)

---

[1] The Complaint did not provide for the relationship among the Plaintiffs, however Plaintiff's Response in Opposition states Renee Mierlot was the girlfriend of Michael Clancy and Normal Clancy is his mother.  (Doc. No. 9 at 2.)

14cv1452

Plaintiffs initiated this lawsuit on June 16, 2014 alleging two causes of action: (1) Medical Malpractice as to Renee Mierlot and (2) Negligent Infliction of Emotional Distress (NIED) as to all Plaintiffs.  Plaintiffs seek recovery in the amount of $350,000.00 for Renee Mierlot and $250,000.00 for each of Michael and Normal Clancy. (*Id.* at 2.)  Tri-City filed its motion seeking to dismiss the second cause of action asserted by Plaintiffs Michael and Norma Clancy pursuant to Rule 12(b)(6).  (Doc. No. 3.)

## II.   LEGAL STANDARD

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when a plaintiff's allegations fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  In ruling on a motion to dismiss, the court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." *Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007).   However, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

A Rule 12(b)(6) dismissal "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Plausibility does not equate to probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 664.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "Determining whether a complaint states a plausible claim for relief . . . requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

14ev1452

1
2
3
4

Dismissal of claims that fail to meet this standard should be with leave to amend unless it is clear that amendment could not possibly cure the complaint's deficiencies. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th Cir. 1998).

## III.   DISCUSSION

5
6
7
8
9
10
11
12
13
14
15
16
17

As an initial matter, the Court DENIES Defendant's request for judicial notice.  First, judicial notice of Plaintiffs' Complaint filed in this Court is unnecessary given it is a record on this Court's docket.  Second, judicial notice of the state court's order on Tri-City's demurrer to Plaintiff's Complaint would be improper under the circumstances here.  Federal Rule of Evidence 201 permits a court to take judicial notice of matters of public record. *See Lee v. City of Los Angeles*, 250 F.3d 688, 689 (9th Cir. 2001).  While it would be proper for the Court to take judicial notice of the existence of matters of public record, it is improper to take notice of the veracity of the arguments and disputed facts contained therein. *Id.* First, Defendant offers the Minute Order for the veracity of the arguments contained therein. Second, Plaintiffs dispute the facts the Minute Order is based upon stating that additional facts have been pled in the federal Complaint.  For these two reasons, judicial notice of the Minute Order is improper.[2]

18
19
20
21
22

Under California law, NIED falls within the ambit of negligence actions.  NIED is not an independent tort but the tort of negligence. *Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc.*, 48 Cal.3d 583, 588 (Cal. 1989).  Accordingly, "[t]he 'traditional elements of duty, breach of duty, causation, and damages apply.'" *Id.* (quoting *Slaughter v. Legal Process & Courier Service*, 162 Cal. App. 3d 1236, 1249 (Cal. Ct. App. 1984)).

23
24
25
26
27

California recognizes two theories of recovery for NIED: (1) "bystander" and (2) "direct victim." *Id.* at 588.  The distinction between the two is found in the source of the duty owed by the defendant to the plaintiff. *Burgess v. Superior Court.*, 2 Cal. 4th 1064, 1072 (Cal. 1992).  Defendant argues the Complaint fails to plead either a direct victim

28

[2] The Court also declines Plaintiffs' request for judicial notice as the Court did not consider the state court Complaint. (Doc. No. 9-1.)

theory or a bystander theory.  Plaintiffs do not dispute the argument they fail to meet the requisite "close relationship" under the bystander theory.  Instead, the argue they have sufficiently pled facts to support a NIED cause of action under the direct victim theory.

**A.    Direct Victim Theory**

Direct victim cases are those in which the plaintiff's claim for emotional distress is not based upon witnessing an injury to someone else, but rather is based upon the violation of a duty owed directly to the plaintiff. *Wooden v. Raveling*, 61 Cal. App. 4th 1038, 1038 (Cal. Ct. App. 1998).  The duty owed directly to the plaintiff can either be assumed by the defendant or imposed on the defendant as a matter of law, or that arises out of a relationship between the two. *Spates v. Dameron Hosp. Assn.*, 114 Cal. App. 4th 208 (Cal. Ct. App. 2003).

Defendant's position is that the direct victim theory of NIED only arises in three specific factual scenarios: (1) the negligent mishandling of corpses; (2) the negligent misdiagnosis of a disease that could potentially harm another; and (3) the negligent breach of a duty arising out of a preexisting relationship.  Defendant argues that as this case solely involves the alleged negligent care and treatment provided to Plaintiff Mierlot, no facts have been alleged to support any of the three scenarios.  This is the only argument Defendant makes.  Plaintiffs counter by arguing the facts alleged support the inference that Defendant assumed a duty owed to all three Plaintiffs, specifically Defendant would ensure Plaintiffs would not see the demised fetus, would deliver the fetus without assistance of Plaintiffs, and preserve the fetus for genetic test.  (Doc. No. 9 at 5.)  The Court is inclined to agree.

In "direct victim" cases, "well-settled principles of negligence are invoked to determine whether all elements of a cause of action, including duty, are present in a given case." *Burgess v. Superior Court*, 2 Cal.4th 1064, 1073 (Cal. 1992)  "[U]nless the defendant has assumed a duty to plaintiff in which the emotional condition of the plaintiff is an object, recovery is available only if the emotional distress arises out of the

14ev1452

defendant's breach of some other legal duty and emotional distress is proximately caused by that breach of duty." *Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th 965 985. Under the direct victim theory as expressed by the California courts, there is no express requirement that a pre-existing relationship must exist.  Instead, the duty imposed by a plaintiff may be (1) assumed by the defendant; (2) imposed as a matter of law; or (3) arise from a relationship between the two parties.  *Robinson v. United States.* , 175 F. Supp. 2d 1215, 1226 (E.D. Cal. 2001) (citing *Marlene F.* and *Burgess*).

Defendant replies, arguing foreseeability is not determinative of finding a duty owed to non-patients just because they witnessed a situation involving another patient. (Doc. No. 10 at 2.)  Defendant misconstrues the factual allegations of the Complaint and Plaintiffs' theory of liability.  Here Plaintiffs have successfully pleaded a NIED claim premised on direct victim liability in which they allege Defendant owed them a duty of care, not just to Plaintiff Mierlot.  Second, Defendant argues that there was no "preexist-ing relationship." However, as stated above, there is no express requirement that a "preexisting relationship" exists. *See also*, *Spates v. Dameron Hosp. Assn.*, 114 Cal.App. 4th 208, 214 (Cal. Ct. App. 2003) (rejecting the contention that a preexisting relationship is the "sine qua non of a direct victim case").  Third, Defendant argues a legal contract did not exist between Tri-City and the Clancy Plaintiffs that would impose a duty of care.  Defendant again misconstrues the pleadings. (Doc. No. 10 at 4-5.)

Here, Plaintiffs' claims are premised on the factual allegations supporting an inference that Defendant had a direct duty to them, whether assumed by Defendant or arising from the special relationship between the Parties. *See Klein v. Children's Hospital Medical Center*, 46 Cal. App. 4th 889, 896 (Cal. Ct. App. 1996).  On this motion to dismiss, the Court must take all factual allegations as true and draw all reasonable inferences in the light most favorable to Plaintiffs, the Court cannot declare that Plaintiffs have not sufficiently alleged a duty of care assumed by Defendant towards Plaintiffs Michael and Norma Clancy or arising from the Parties' relationship. *See e.g.*,

14cv1452

*Hillblom v. County of Fresno*, 539 F. Supp. 2d 1192, 1209 (E.D. Cal. 2008) (finding plaintiff pled a claim of NIED under the direct victim theory where defendants failed to proffer sufficient support for the argument that defendant officer's mere response to the scene did not create a "special relationship" with the plaintiff.)  As such, the currently pled NIED claim, premised on the direct victim theory, passes Rule 12(b)(6) scrutiny.

## III.    CONCLUSION

Accordingly, Defendant's motion to dismiss is DENIED.

DATED:  August 15, 2014


Hon. Anthony J. Battaglia

U.S. District Judge

14cv1452